Filed 11/12/25  P. v. Johnson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F088993 |
| Plaintiff and Respondent, | (Super. Ct. No. BF176803A) |
| v. | |
| MATTHEW JOHNSON, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  Brian M. McNamara, Judge.

Nicholas Seymour, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Levy, Acting P. J., Peña, J. and Meehan, J.

# INTRODUCTION

Defendant Matthew Johnson appeals from his negotiated plea agreement in which he pleaded guilty to committing first degree murder (Pen. Code, § 187, subd. (a)) of a fellow inmate and he admitted that he had previously been convicted of first degree murder (§ 190.2, subd. (a)(2)) and that he had suffered a prior strike conviction. (Undesignated statutory references are to the Penal Code.)  In exchange for his plea, the remaining charges, enhancements, and allegations were dismissed.  He was sentenced per the terms of the plea agreement to life without the possibility of parole to be served consecutive to his present life sentence.

On appeal, appointed counsel for defendant asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant did not file a supplemental brief.

After independently reviewing the record, we affirm.

# BACKGROUND

In 2020, defendant was charged with being a person undergoing a life sentence who, with malice aforethought, committed an assault upon the person of another with a deadly weapon or instrument (§ 4500; count 1).  It was further alleged that defendant was previously convicted of a strike conviction (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)), namely, murder (§ 187, subd. (a)), which also qualified as a prior serious felony conviction (§ 667, subd. (a)) and that he had suffered four prior prison term convictions (§ 667.5, former subd. (b)).  In count 2, defendant was charged with first degree murder (§ 187, subd. (a)) with the same enhancements alleged as to count 1, a special circumstance allegation that he had previously been convicted of first degree murder on or about April 20, 2016 (§ 190.2, subd. (a)(2)), and an allegation that, in the commission or attempted commission of the offense, defendant personally used a deadly or dangerous weapon (§ 12022, subd. (b)(1)).  Defendant was charged in count 3 with knowingly possessing heroin while in prison (§ 4573.6) and in count 4 with knowingly possessing a

2.

syringe while in prison (§ 4573.6), both with the same prior conviction allegations as in counts 1 and 2. The charges arose from an incident during which defendant repeatedly stabbed a fellow inmate and a subsequent search of defendant's person allegedly revealed contraband.

On June 10, 2021, defendant filed two motions arguing the death penalty statute should be declared unconstitutional under the equal protection clauses of the Fourteenth Amendment of the United States Constitution and article I, section 7 of the California Constitution and *Cunningham v. California* (2007) 549 U.S. 270. The People filed an opposition to the motions. On August 21, 2021, the court denied defendant's motions to declare the death penalty unconstitutional.

In August 2024, defendant pleaded guilty to first degree murder (count 2). He also admitted the special circumstance allegation that he had previously been convicted of first degree murder (§ 190.2, subd. (a)(2)) and the allegation that he had suffered a prior strike conviction. He affirmed on the record that he completed a waiver of rights form and that he had gone over those rights with his attorney. In exchange for his plea, the People dismissed the death penalty and defendant was to be sentenced to life without the possibility of parole and the remaining charges, enhancements, and allegations were dismissed. The court subsequently sentenced defendant per the terms of the plea to life without the possibility of parole to be served consecutive to his present life sentence. He was ordered to pay restitution pursuant to section 1202.4, subdivision (f), and pursuant to section 1202.4, subdivision (f)(2) in amounts to be determined. He was ordered to pay a court security fee of $40 pursuant to section 1465.8, subdivision (a)(1) and an assessment of $30 pursuant to Government Code section 70373. Defendant was also ordered to pay a restitution fine of $300 pursuant to section 1202.4, subdivision (b). There was no request by defense counsel for a hearing as to the fines and fees, and the court found defendant had the ability to work while incarcerated.

3.

Defendant filed a notice of appeal on November 22, 2024, asserting as a basis for a certificate of probable cause that the court's denials of his motions to declare the death penalty unconstitutional violated his fundamental right to due process. His request for a certificate of probable cause was granted.

## DISCUSSION

We appointed counsel, who filed an opening brief pursuant to *Wende*, *supra*, 25 Cal.3d 436 requesting independent review of the record for arguable issues. Appellate counsel notified defendant that he was filing a *Wende* brief and informed defendant that he had 30 days from the filing of the brief to submit any issues that he wished our court to review. Our court also sent defendant a letter notifying him he could submit a letter stating any grounds on appeal he wanted our court to hear. We have received no reply from defendant.

Furthermore, after conducting a thorough independent review of the record, we are satisfied no arguable issues exist and defendant's counsel has fully satisfied his responsibilities under *Wende*, *supra*, 25 Cal.3d at pages 441–442 and *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.

## DISPOSITION

The judgment is affirmed.